## PARKER vs. HAYES.

1. A commissioner appointed under the act of March 17th, 1862, has no power to adjourn the examination, but only to continue it when once commenced, from day to day, while actually proceeding with the examination of witnesses.

2. No notice having been given of the time and place of taking depositions, they must be suppressed. The adjournment does not supply the place of the notice required by the statute.

This was on motion to suppress depositions filed in, this cause, taken on part of the defendant, at Rockford, Illinois, before a commissioner appointed under the act of March 17th, 1862.

*Mr. Ransom,* for motion.

*Mr. C. Parker,* contra.

THE CHANCELLOR.

The notice of taking the depositions, which was in proper form, and duly served, was to take the depositions at Rockford, April 27th, 1871. The complainant appeared by an

Parker *v.* Hayes.

agent and counsel. The commissioner, for his own conven-
ience, adjourned the taking testimony to May 2d, at which
time the complainant appeared as before, when the commis-
sioner again adjourned proceedings until May 19th, for the
same reason. At neither of these meetings was any witness
examined ; nor did the complainant consent to the adjourn-
ment. After the last adjournment, the agent of the complain-
ant, who was from New Jersey, returned home, and did not,
nor did complainant's counsel, again attend before the com-
missioner. One witness was examined on the 19th, one
on the 20th, one on the 22d, and one on the 23d of May,
and one on the 20th of June.

The statute requires notice of the time and place of taking
these depositions to be served on the opposite party. For
Rockford, the time of service would be about twenty days.
No such notice was given of the time and place of the actual
taking of these depositions, and the question presented is,
whether adjournment of the matter by the commissioner sup-
plies the place of such notice. The statute provides for no
such adjournment, and the power of keeping a party or his
counsel one thousand miles from home for fifty days, to attend
adjournment of a commissioner at his pleasure, under the
penalty of abandoning his case to strangers, is too oppressive
to be upheld without clear authority. There is no express
authority in the act, and I find no principle of law, or any
practice in analogous cases, to sustain it. The commissioner
is not a court or judicial officer, and has given to him no dis-
cretionary power. And even the courts of law in this state
could only adjourn from day to day, until power was given
by statute to adjourn over. I know no reason why a greater
power should be given to this commissioner by the mere fact
of his appointment. This statute creates a new power, con-
trary to the settled practice, and should, therefore, be strictly
construed and strictly complied with. In case of commissions,
strict compliance has always been required.

The examiners of this court have, in this state, power to
adjourn conferred on them by the rules, subject to the limita-

tions there fixed. Before the regulation by the rules, it was customary for examiners to adjourn, but generally by consent of parties, and no case in which it was done without such consent was ever brought before the court to test the power.

I think, both upon principle and as a matter of expediency, it must be held that such commissioner has no power to adjourn, but only to continue the examination when once commenced, from day to day, while actually proceeding with the examination of witnesses.

I am of opinion that the depositions must be suppressed.